# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

                                :

**FIRST UNITED MORTGAGE CO.,**    :

                                :     **Civil Action No. 08-2459(KSH)**

                                :

           **Plaintiff,**         :

                                :

       **v.**                       :**ORDER ON INFORMAL APPLICATION &**

                                :**AMENDED PRETRIAL SCHEDULING**

                                :**ORDER**

                                :

**AXIS REINSURANCE COMPANY,**    :

                                :

           **Defendant**       :

_____:

      **THIS MATTER** having come before the Court by way of letter dated October 20, 2008, regarding the plaintiff's request to extend the deadliness associated with dispositive motion practice so that the parties may participate in mediation with the former Judge Orlofsky on October 28, 2008 before incurring expenses associated with the motion; and the Court being telephonically advised that the defendant consents to the request; and the parties having previously advised the Court that (1) other than the disclosures made before the Rule 16 conference and the underwriting file, no other discovery is needed; and (2) if a settlement is not reached, then the case will be ripe for cross-motions for summary judgment; and for good cause shown,

      **IT IS on this 22nd day of October, 2008,**

      **ORDERED THAT:**

      1.  The request to adjust the dates associated with dispositive motion practice is granted as set forth herein;

## I.  COURT DATES

      2.      There will be a settlement conference before the Undersigned on **TO BE SET IF REQUESTED**.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 19, 2009 at 10:30 a.m**.  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

4.      Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed.**

5.      Discovery necessary to engage in meaningful settlement discussions: **<u>none</u>**.

6.      All dispositive motions shall be filed no later than **November 21, 2008** and any responses shall be filed no later than **December 8, 2008**.  The return date shall be **December 15, 2008** before the Hon. Katharine S. Hayden.  Her Honor's Chambers will advise the parties if oral argument will be required..  The following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the

Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  FINAL PRETRIAL CONFERENCE

7.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 19, 2009 at 10:30 a.m**.  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

8.     <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

9.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

10.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

11.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **February 10, 2009 at 4:00 p.m.** All counsel are responsible for the timely submission of the Order.

12.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### IV.  MISCELLANEOUS

13.     The Court may from time to time schedule conferences as may be required, either <u>sua</u> <u>sponte</u> or at the request of a party.

14.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

15.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

16.     Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

17.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

s/Patty Shwartz                                    
**UNITED STATES MAGISTRATE JUDGE**